# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE CONYERS,<br><br>        Plaintiff,<br><br>v.<br><br>CALIFORNIA REHAB CENTER, et al.,<br><br>        Defendants. | Case No. ED CV 15-1634 AB (MRW)<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses the action with prejudice for failure to prosecute and for failure of a pro se litigant to update his address with the Court.

\* \* \*

This is a prisoner civil rights action. Plaintiff formerly was an inmate at a state prison facility in Norco. In his complaint, Plaintiff alleged that a correctional officer unlawfully strip-searched and abused him. (Docket # 8 at 1.) Magistrate Judge Wilner screened the original complaint. In September 2015, Judge Wilner directed the Marshals Service to serve the complaint on one named defendant.

(Id.) The officer subsequently appeared in the action and filed a motion to dismiss on various grounds. (Docket # 15.)

In the interim, however, the Post Office returned several Court-issued documents as "undeliverable." (Docket # 18, 19.) One of those items was the Court's order instructing Plaintiff to respond to the dismissal motion. According to the Court's docket, Plaintiff never updated his address with the Court as required by Judge Wilner's original case management order (Docket # 8 at 3) and under Local Rule 41-6. That Local Rule requires a <u>pro se</u> litigant to update his or her mailing address or risk dismissal of the action for lack of prosecution.

In December 2015, Judge Wilner issued an order to show cause why the action should not be dismissed based on Plaintiff's failure to prosecute the case and his failure to update his mailing address as required. (Docket # 20.) Plaintiff failed to file any response to the OSC. The Post Office also returned that order to the Court. (Docket # 21.) The Court has not received any filing from Plaintiff since receiving a financial affidavit shortly after the commencement of the action in August 2015. (Docket # 6.)

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court <u>sua sponte</u>. <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. <u>Omstead v. Dell, Inc.</u>, 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to provide the Court with up-to-date contact information. As a result, several orders of this Court were returned as undeliverable. The magistrate judge then issued an OSC and gave Petitioner ample opportunity to update his address with the Court as required by Local Rule 41-6. Plaintiff's failure to do so – because that order came back to the Court, too – demonstrates that he has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon his case by failing to update this Court with his current whereabouts, thereby preventing any feasible advancement of the case. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

Accordingly, for the above reasons, this action is DISMISSED with prejudice. See Fed. R. Civ. P. 41(b) (dismissal under rule ordinarily "operates as an adjudication on the merits").

IT IS SO ORDERED.

Dated: March 18, 2016      _____
HON. ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE